142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marianne BARKLAGE, Plaintiff-Appellant
v.
City of San Bernadino, James F. Penman, Tom Minor, Edward V.
Negrete, and F.J. Curlin Defendants-Appellees
 No. 96-56730.
D.C. No. CV-94-7753-RSWL.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 4, 1998.
Decided Apr. 16, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California Ronald S.W. Lew, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge**.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Marianne Barklage appeals the district court's grant of summary judgment in favor of the City of San Bernadino on three claims arising out of the City's denial of her application for a general plan amendment and conditional use permit to operate her property as a residential care facility for recovering drug and alcohol addicts: (1) violation of 42 U.S.C. § 1983; (2) violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(f); and (3) inverse condemnation pursuant to Article I, § 19 of the California Constitution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 5
 The district court granted summary judgment on all three of Barklage's claims. With respect to her Fair Housing Act claim, the district court ruled that the City's zoning ordinance was facially neutral and that Barklage had failed to demonstrate that the City's actions with respect to her application had an adverse or disproportionate impact on handicapped persons. We agree. Barklage failed to show that the zoning ordinance makes distinctions based on the status of residents, or that the application of the ordinance has adversely affected the housing rights of any particular group.
 
 
 6
 With respect to Barklage's § 1983 claim, the district court held that the City's actions did not violate Barklage's substantive due process rights because they were not arbitrary or capricious and that Barklage had not established an equal protection violation. Because the City's decision to deny plaintiff's variance application was based on detailed findings regarding inconsistencies between plaintiff's proposed use and the City's land use regulation goals, we agree that plaintiff did not establish a genuine issue of material fact as to these claims.
 
 
 7
 The district court further found that plaintiff had failed to establish a claim for inverse condemnation in violation of the California Constitution. Because the city's actions advanced legitimate state interests and did not deprive Barklage of all economically beneficial use of her property, Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015-16, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), we agree.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3